**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Ivan L.C.R., | Civ. No. 26-1735 (JWB/JFD) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Eric Tollefson, *Sheriff of Kandiyohi County*, | **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondents. | |

Mackenzie R. Moy, Esq., Zelle LLP, counsel for Petitioner.

David W. Fuller, Esq., and Shannon S. Smith, Esq., United States Attorney's Office, counsel for federal Respondents.

This case asks whether Respondents may detain a noncitizen under 8 U.S.C. § 1225(b)(2) after previously paroling him into the United States and placing him in removal proceedings under 8 U.S.C. § 1229. The answer is no. Because Respondents previously exercised authority to release Petitioner Ivan L.C.R. under § 1226, that statute—not § 1225—governs detention while removal proceedings remain pending.

Respondents' position that § 1225 applies after a noncitizen has been released from custody has been often rejected in this District. *See, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1142–48, 1150–52 (D. Minn. 2025); *Jose J.O.E. v. Bondi*, 797 F. Supp.

3d 957, 968–970 (D. Minn. 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819, at \*7–8 (D. Minn. Oct. 20, 2025). Therefore, the Petition is granted to the extent that it requests release.

## BACKGROUND

Petitioner is a citizen of Venezuela. (*See* Doc. No. 1, Petition ¶¶ 7, 13; Doc. No. 6 at 2; Doc. No. 6-1, Minner Decl. ¶ 4; Doc. No. 10-1 at 1.) He entered the United States on May 31, 2023, and applied for admission using the previous CBP One app program. (Doc. No. 6 at 2; Minner Decl. ¶ 4.) He was inspected by immigration officials at Brownsville, Texas and issued a Notice to Appear designating him as an "arriving alien" and charging inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Doc. No. 6 at 2; Minner Decl. ¶ 4; Doc. No. 10-1 at 1, 4.) The Notice placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a, which governs full removal proceedings before an Immigration Judge. (Doc. No. 6 at 2; Minner Decl. ¶ 4; Doc. No. 10-1 at 1.) He was then paroled into the country pending his removal proceedings. (Doc. No. 6 at 2; Minner Decl. ¶ 4.)

On May 23, 2024, Petitioner was approved for Temporary Protected Status ("TPS") until April 2, 2025. (Doc. No. 6 at 2; Minner Decl. ¶ 5–6.) Petitioner currently has a pending application to renew his TPS. (Petition ¶ 14; Doc. No. 6 at 2; Minner Decl. ¶ 7.)

Immigration and Customs Enforcement ("ICE") arrested Petitioner in Chicago, Illinois on or around October 18, 2025. (Petition ¶ 16; Doc. No. 6 at 3; Minner Decl. ¶ 8.) He was transferred to Minnesota on October 19, 2025, due to "detention bed space

2

shortage" and has since been detained at the Kandiyohi County Jail in Willmar, Minnesota. (Petition ¶¶ 12, 16; Doc. No. 6 at 3; Minner Decl. ¶ 9.)

On February 2, 2026, an Immigration Judge ("IJ") at Fort Snelling, Minnesota denied Petitioner's applications for relief and ordered him removed to Mexico or, in the alternative, to Venezuela. (Doc. No. 10-3 at 3–6; Doc. No. 6 at 2; Minner Decl. ¶ 10.) Petitioner attempted to file a timely notice of appeal of the IJ's removal order on March 3, 2026 (Doc. No. 14 ¶ 1; Doc. No. 15, Millan Decl. ¶ 3), but the notice was rejected by the Executive Office of Immigration Review ("EOIR") on March 5, 2026, due to lack of signatures. (Doc. No. 6 at 3; Minner Decl. ¶ 11; Doc. No. 10-2 at 1; Doc. No. 14 ¶ 2; Millan Decl. ¶ 4.) Petitioner re-submitted his filings the next day, which were again rejected by the EOIR on March 10, 2026. (Doc. No. 14 ¶¶ 2–3; Doc. No. 10-4 at 1; Millan Decl. ¶¶ 5–6.) After re-submitting his filings with a Motion to Accept Untimely Appeal, the Board of Immigration Appeals ("BIA") accepted Petitioner's appeal on March 13, 2026. (Doc. No. 14 ¶¶ 4–5; Minner Decl. ¶¶ 5–7.)

## DISCUSSION

### I.   Legal Standard

A writ of habeas corpus may issue where a petitioner is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The petitioner bears the burden of establishing, by a preponderance of the evidence, that the challenged detention lacks a lawful statutory basis. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (collecting cases).

Immigration detention, like all civil detention, must rest on an express

congressional grant of authority and must bear a reasonable relation to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). Section 2241 confers jurisdiction to determine whether the Executive Branch has statutory authority to detain an individual, including in the immigration context. *See id.* at 687–88.

## II.   Analysis

Petitioner challenges only the lawfulness of his detention under federal law. He does not contest any removal order, the conduct of removal proceedings, or the execution of removal. Therefore, jurisdiction lies under 28 U.S.C. § 2241 to review the legal basis for custody. *See, e.g.*, *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154–55 (D. Minn. 2025). Because the Petition is not directed at removal, statutory channeling provisions do not apply either. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018).

The Immigration and Nationality Act ("INA") distinguishes between inspection, removal proceedings, and detention authority. "Inspection" is the process by which immigration officers determine whether a noncitizen seeking entry at the border or a port of entry may be admitted to the United States. *See* 8 U.S.C. § 1225(a). Section 1225 governs that process and generally requires detention. *Id.*; *see also Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1149 (D. Minn. 2025).

Section 1226, by contrast, governs detention of noncitizens already present in the United States. *Jennings*, 138 S. Ct. at 846. Detention under § 1226(a) is not mandatory and permits release on bond or recognizance. *Maldonado*, 795 F. Supp. 3d at 1149–50.

Respondents assert that Petitioner's initial detention was lawful under 8 U.S.C.

§ 1225(b)(2)(A) but focused their Answer primarily on ICE's authority to detain a noncitizen pursuant to a final removal order under 8 U.S.C. § 1231. (Doc. No. 6 at 6–9.) But Petitioner has now appealed his removal order, and he is no longer subject to a final removal order.

Respondents assert that Petitioner is subject to § 1225(b)(2), which mandates detention of certain "applicants for admission" pending removal proceedings. The vast majority of district courts considering that assertion, including this Court, have determined that the text, structure, and function of the INA's detention provisions all indicate that § 1225 does not apply to noncitizens released to the interior of the country like Petitioner. *See Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729 (D. Minn. Oct. 8, 2025); *Mayamu K. v. Bondi*, Civ. No. 25-3035 (JWB/LIB), 2025 WL 3641819 (D. Minn. Oct. 20, 2025); *Khalid B.Q. v. Noem*, Civ. No. 25-4584 (JWB/DJF), Doc. No. 10 (D. Minn. Dec. 18, 2025); *Xuseen A. v. Bondi*, Civ. No. 25-4514 (JWB/DJF), Doc. No. 16 (D. Minn. Dec. 19, 2025). Respondents' examples of recent orders agreeing with their statutory interpretation do not alter the outcome.

*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), does not alter the result either. Respondents have previously cited to it as if it reflects an independent adjudicatory resolution of statutory ambiguity. It does not. The BIA is a component of the Department of Justice ("DOJ") and operates under the Attorney General's supervisory authority. Its precedents are subject to review, revision, and overruling by the Attorney General, who sets binding interpretations of the INA for the Executive Branch. *Yajure Hurtado* thus reflects the DOJ's adopted litigation position concerning the scope of

§ 1225(b)(2), not an interpretation generated independently of that position. *See* Memorandum from Rodney S. Scott, U.S. Customs & Border Protection, Detention of Applicants for Admission (July 10, 2025) (memo from DHS requiring that all "applicants for admission" be detained under § 1225(b)(2) during removal proceedings).

And even if *Yajure Hurtado* were such an independent interpretation, it would run headlong into the statute's text and structure for the reasons already explained. Where an agency's reading conflicts with the statute Congress enacted, it does not control. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (explaining that only long-standing and consistent agency interpretations merit weight); *see also Belsai D.S. v. Bondi*, Civ. No. 25-3682 (KMM/EMB), 2025 WL 2802947, at *7 n.5 (D. Minn. Oct. 1, 2025).

In habeas review, the question is not whether the Executive Branch has spoken with one voice—whether through the DOJ or BIA—but whether the detention authority it asserts is grounded in statute. That determination remains for the Article III courts. *See Zadvydas*, 533 U.S. at 688.

The analysis here is straightforward. Respondents placed Petitioner in removal proceedings under § 1229a, paroled him into the country, and allowed him to remain in the community for more than two years. And when Petitioner's parole expired, he became a noncitizen living in the United States who previously had parole. 8 U.S.C. § 1182(d)(5)(A), which governs inadmissible noncitizens, required that Petitioner be treated "as that of any other applicant for admission to the United States" once his parole ended. Nothing suggests that Petitioner's arrest within the country years after he entered

6

transformed him into a noncitizen "seeking admission" as contemplated by § 1225(b)(2)(A). *See, e.g.*, *Eliseo A.A. v. Olson*, Civ. No. 25-3381 (JWB/DJF), 2025 WL 2886729, at *3 (D. Minn. Oct. 8, 2025); *see also Hernan Jose M.M. v. Easterwood*, Civ. No. 26-481 (LMP/DTS), 2026 WL 559746, at *7–8 (D. Minn. Feb. 27, 2026).

On this record, Petitioner's continued detention rests on a statute and an interpretation that do not apply and is unlawful. *See Khalid B.Q.*, Civ. No. 25-4584, Doc. No. 10 at 6; *Xuseen A.*, Civ. No. 25-4514, Doc. No. 16 at 7. Thus, he is entitled to a writ of habeas corpus that grants his immediate release subject to the conditions in his original order of release. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Because Petitioner has shown Respondents have not invoked a provision of the INA that authorizes his continued detention, the Petition for Writ of Habeas Corpus is granted, and Petitioner's other habeas claims are not reached.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner Ivan L.C.R.'s Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.

2.      **Release.** Respondents shall immediately release Petitioner from custody. He must be released in Chicago, Illinois. Respondents shall provide Petitioner's attorney

with the street address of where Petitioner will be released and a two-hour window in which Petitioner will be released so that arrangements can be made to pick him up from the street address noticed.

At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

Respondents shall immediately initiate Petitioner's return to Chicago, Illinois for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Chicago, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3.    **Notice.** Respondents shall file an update on the status of Petitioner's release

by 4:05 p.m. on March 22, 2026. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. The update must also confirm that Respondents have not imposed conditions on Petitioner's release. Once Petitioner is released, Respondents must file a confirmation of the time, date, and location of release, and the absence of release conditions, promptly upon Petitioner's arrival in Chicago, Illinois.

4.    Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Chicago, Illinois without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions. Any such conditions imposed at the time of Petitioner's release shall be considered null and void as inconsistent with this paragraph.

5.    Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

6.    Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 20, 2026
Time: 4:05 p.m.

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge

9